IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE WATTS,

    Plaintiff,

v.                                                         CIV 01-1107 KBM/LCS – ACE

NEW MEXICO STATE UNIVERSITY, et al.,

    Defendants.

# MEMORANDUM OPINION AND ORDER

    Plaintiff employee Lee Watts brings this action under 42 U.S.C. § 1983 alleging a deprivation of procedural due process when New Mexico State University ("NMSU") transferred him from Eddy County to Zuni, New Mexico without affording him a pre-transfer hearing. *See Doc. 1* at ¶¶ 10-11; *Doc. 25* at 1("entitled to his due process rights prior to the deprivation"). Although Plaintiff sues NMSU and various high-level NMSU employees in their official capacities, he only seeks damages. The five individual defendants are also sued in their individual capacities.

    This matter is before the Court on the parties' cross-motions for summary judgment, based upon certain stipulated facts. *Docs. 20, 24.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. Having carefully reviewed the parties submissions and relevant authorities, I find Defendants' motion for summary judgment well-taken. Accordingly, this action will be dismissed.

    **I. Undisputed Background & Material Facts**

The University employs a number of "4-H Agents" throughout the state, approximately one for each county. *E.g., Doc. 25* at 3, ¶ 13. Plaintiff has worked for NMSU as a 4-H Agent since 1982, after he applied for the position based on announcement that read "POSITION LOCATION: Eddy County." *Doc. 16,* Exh. A ("*Stipulated Facts*"). Plaintiff was stationed in Eddy County where he maintains a home and his wife is employed. *Id.,* at ¶¶ 4-5.

From 1982 to 1989 Plaintiff worked under year-to-year temporary contracts. Beginning in 1989 he has worked under a "continuous appointment" contract, which by its terms can only be terminated for "cause" and which he characterizes as granting him "tenure." *See Stipulated Facts,* ¶ 1 & Exh. B; *Doc. 25* at 2, ¶ 2. Like the year-to-year contracts, the continuous appointment contract only discusses the terms under which tenured employment can be terminated. It does not discuss other employment benefits and is specifically silent on the matters such as discipline, employment benefits, or geographic location of the position.

Beginning in 1998, the University began to receive complaints about Plaintiff from his "clients" and co-workers. In 2001, the University transferred Plaintiff to Zuni, New Mexico, the only area where a position was vacant. Plaintiff does not contend that the transfer was unwarranted or undertaken as a matter of discipline or for any improper motive on the part of the defendants. *Doc. 21,* at 2-3, ¶¶ 7-15.

Plaintiff's transfer also did not result in a demotion of title or responsibilities, or in a reduction in salary. NMSU reimbursed Plaintiff for moving expenses, increased his salary to reflect his new title as "Director" of the Zuni program, and pays him a "housing adjustment" differential. If other openings become available, Plaintiff is eligible to apply for them. *Id.* at 3-4.

## II. Summary Judgment Standard

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed, summary judgment

> is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.". . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

### III. Analysis

To recover damages under § 1983 for a violation of procedural due process, Plaintiff first must show that he has a constitutionally-protected interest under the Due Process Clause. *E.g., Gilbert v. Homar,* 520 U.S. 924, 928 (1997); *Garcia v. City of Albuquerque,* 232 F.3d 760, 769 (10th Cir. 2000). Since federal due process does not create property interests, Plaintiff must establish that state law creates the interest to which he claims he is entitled. *E.g. Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972); *Greene v. Barrett,* 174 F.3d 1136, 1140 (10th Cir. 1999).

3

The narrow dispositive issue here is whether Plaintiff has a protected property right to a specific geographic location of his job under New Mexico law of implied contract. Plaintiff concedes that no state statute or NMSU document confers a right to remain in Eddy County as a condition or benefit of his tenured employment. *See Doc. 25* at 6. Rather, relying exclusively on *Lovato v. City of Albuquerque,* 106 N.M. 287, 742 P.2d 499 (1987), he argues that New Mexico law clearly establishes that "based on the practices and mutually existing understandings," *Doc. 25* at 5, and his long-standing employment at the Eddy County location, he had a "reasonable expectation" of continued employment at that location, *id.* at 7. The current state of the law does not support this position.

### A. *At The Very Least There Is No Protectable Interest Absent Reduction In Pay*

The Tenth Circuit "has recognized that under New Mexico law a constitutionally-protected property interest can arise despite the absence of a statute or formal contract." *Casias v. City of Raton,* 738 F.2d 392, 394 (10th Cir. 1984) (*citing Chavez v. City of Santa Fe Housing Authority,* 606 F.2d 282, 284 (10th Cir. 1979); *Abeyta v. Town of Taos,* 499 F.2d 323, 327 (10th Cir. 1974)). However, the parties have not cited, nor have I discovered, a Tenth Circuit case finding a property right in the location of a position based only on an implied understanding or course of conduct.

In the context of a disciplinary action that resulted in a temporary suspension without pay, the United States Supreme Court specifically noted that it has "not has occasion to decide whether the protections of the Due Process Clause extend to discipline of tenured public employees short of termination." *Gilbert,* 520 U.S. at 929. In fact, one federal decision summarily but specifically holds there is no property interest in performing a job in a particular

4

location. *See Leonard v. Suthard,* 927 F.2d 168 (4th Cir. 1991). "[A]lthough [a police officer who was transferred when he filed a grievance] may have a property interest in continued employment which is protected by the fourteenth amendment, that property interest does not extend to the right to perform particular duties in a particular location." *Id.* at 169.

On the other hand, the Tenth Circuit has analyzed a claim of implied right in a particular job as a potential due process violation. There the court surveyed state and federal law and rejected the claim, concluding that:

> the overwhelming weight of authority holds that no protected property interest is implicated when an employer reassigns or transfers and employee absent a specific statutory provision or contract term to the contrary. All of the courts of appeals that have addressed this issue have reached an identical conclusion. . . . These cases indicate that an administrative decision to reassign or transfer a particular employee absent a statutory or contractual provision is left to the "unfettered discretion" of the employer. *Roth,* 408 U.S. at 567. We believe the Kansas Supreme Court would adopt a similar rule.

*Anglemyer v. Hamilton County Hosp.,* 58 F.3d 533, 539 (10th Cir. 1995).

The *Anglemyer* decision further observed that courts are split as to whether a protected interest arises even where transfer or reassignment does result in "loss of rank, status, or salary." *Id.* at 540. Nevertheless, it concluded that even if Kansas were to recognize such an exception to the general rule that mere transfer/reassignment confers no actionable property right, the plaintiff failed to demonstrate any loss of rank, status or salary associated with the transfer. *Id.* at 540.

The Seventh Circuit "has expressed doubt whether a lateral transfer, involving no loss of pay, could ever be sufficient deprivation to violate the Fourteenth Amendment." *Parrett v. City of Connersville,* 737 F.2d 690, 693 (7th Cir. 1984), *cert. dismissed,* 469 U.S. 1145 (1985). The

*Parrett* court reasoned that

> [a] contrary conclusion would subject virtually all personnel actions by state and local government agencies to potential federal damage suits under 42 U.S.C. § 1983 – a breathtaking expansion in the scope of that already far- reaching statute, and one remote from the contemplation of its framers.

*Id.*

Recent decisions from the judges in this district hold likewise when construing New Mexico law. For example, in the reported decision of *Cordova v. Vaughn Mun. Sch. Dist. Bd. of Educ,.* 3 F. Supp.2d 1216 (D.N.M. 1998), District Judge Black noted that:

> The New Mexico Supreme Court has held that even suspension of a school employee, as long as it is with pay, does not evade any recognized property interest. *Board of Educ. of Carlsbad Mun. Schs. v. Harrell,* 118 N.M. 470, 882 P.2d 511, 518 (1994). This holding is in accord with many federal cases that have held that personnel actions that do not result in a reduction of pay or loss of other tangible benefits do not implicate protected property interests. . . . Plaintiff's claim in this case is an entitlement to continue teaching the curriculum of her choice, rather than a claim that she has suffered a loss of pay or other tangible benefits of her employment. That claimed entitlement did not rise to the level of a property interest protected by the Constitution.

*Id.* at 1222-23; *see also Widmer v. State of New Mexico, et al.,* Consolidated Cases, CIV 94-672 JP/RLP, CIV 96-1797 JP/RLP, CIV 97-1005 JP/RLP (Doc. 152, Chief District Judge Parker Memorandum Opinion And Order entered October 14, 1998).

To summarize, there is no binding United States Supreme Court precedent that federal due process requires protection of a lesser interest other than employment termination and at least one court of appeals decision refuses to extend protection to geographic location of a job. While Tenth Circuit and other federal cases have recognized a lesser protected interest, and there is

6

language suggesting the lesser interest could include a geographic transfer, the majority of cases do not so hold absent a statutory or formal contract. Even in those cases where a property right is recognized despite the absence of a statute or contract, none has done so absent a corresponding loss in rank, salary or pay. This appears to be the position taken by this district and the New Mexico Supreme Court.

### B. *Lovato Is Distinguishable And/Or Unpersuasive*

The *Lovato* decision on which Plaintiff relies is not conclusive and is distinguishable. As best I can tell from the opinion, Mr. Lovato was "classified" city employee, and as a classified employee he would thus be covered by the written merit system ordinance and personnel rules that afford such employees a grievance procedure. Mr. Lovato was removed from a thirteen-year "temporary" assignment that resulted in a reduction in pay and perhaps a geographical transfer. He filed a grievance, but it was denied based on an interpretation that he was not covered by the ordinance and rules because of his "temporary assignment" status. He then filed a mandamus action requesting that he be afforded the grievance procedure. The New Mexico Supreme Court held that "the City's action in retaining Lovato in the assignment position for thirteen years" rendered his position not temporary, thereby giving Lovato an "interest in continued employment in the same position" as a matter of federal constitutional law. 106 N.M. at 290, 742 P.2d at 502.

The first and conclusive distinguishing feature is that *Lovato* involved a reduction in pay, a critical material fact not present in the case at bar. Based on the same reason, Chief Judge Parker distinguished *Lovato* as inapplicable in his *Widmer* decision, *supra.* The absence of a reduction in pay is also the key distinguishing fact in the New Mexico Supreme Court's 1994 decision in *Harrell,* where the court held that there is no federally-protected property interest, and thus no

7

required pre-deprivation hearing, if an employee is suspended with pay. 118 N.M. 470, 478, 882 P.2d 511, 518.

Second, to the extent *Lovato* is based on state law, it applies to a very narrow situation inapplicable here. *Lovato* is limited to a specific and written Albuquerque ordinance and set of personnel rules that are not available to Mr. Watts.

Third, Plaintiff reads *Lovato* broadly as holding that **_any_** condition of a long-term employee's job becomes a constitutionally-protectable property interest under state, and thus, federal law. I do not real *Lovato* so expansively. As for the state law holding, *Lovato* stands for the proposition that an employee having held a position for over a decade cannot be denied the grievance procedure to which classified employees are in fact and in writing entitled, simply by virtue of the "temporary" description or label given to that position.

In contrast, here there is no dispute that Mr. Watts' situation does not involve any statutory or written entitlement to remain in Eddy County. At most, an announcement that identifies the location of a vacancy is just that – an indicator of where work will be performed at the time the position is filled. The announcement does not translate into an entitlement to remain at that location. Similarly, deposition testimony reveals that while there may be an expectation of staying in the same job location, there is no such entitlement pursuant to any policy of NMSU. At most, this evidence establishes a mere "unilateral expectation" of remaining in Eddy County which is insufficient to create a property interest. *Roth,* 408 U.S. at 577.

Finally, as a matter of federal interpretation, *Lovato* is based on a discussion of seemingly sweeping "claim of entitlement" language from Supreme Court decisions that predated 1987. State court decisions on federal law are not binding on federal courts, and the federal analysis in

8

*Lovato* is unpersuasive. For example, *Lovato* does not discuss any of the federal decisions at the time the decision was issued (some of which are cited in *Anglemyer*) questioning whether there is a constitutionally-protected interest short of termination, whether such an interest can be created only by express statute or contract, or whether such an interest would be cognizable absent a corresponding loss of pay, rank or title. Also, under the binding and more recent state decisions above, it's reasoning in 1987 was at best not uniformly embraced, and may have been implicitly overruled.

### *C. Defendants Are Entitled To Qualified Immunity*

Alternatively, if the broad reading of *Lovato* could be construed to provide a basis for recovery, Defendants are entitled to qualified immunity. For example, a recent Tenth Circuit decision held that an employee whose rank was reduced had a statutorily protected interest under Wyoming law. *Greene,* 174 F.3d at 1143. Yet the interpretation of the state statute was susceptible to different interpretations and the court's "research uncovered no clearly established weight of authority from other courts pertaining to this question." Thus, the decision held that "plaintiff has failed to show that the asserted property right was clearly established at the time defendant reduced his rank" and affirmed a grant of qualified immunity.

As in *Greene,* here there is a question at the outset whether something less than termination is protected under federal due process. Under the authority discussed above, at the very least, the law is not clearly established that a geographic transfer without a reduction in title or pay will amount to a due process violation. Therefore, the individual defendants would be entitled to qualified immunity.

Finally, there is no dispute that Plaintiff does not seek equitable relief. The State

defendants and the individual defendants in their official capacities therefore are entitled to Eleventh Amendment immunity for his claim of damages.  E.g., *Mueller v. NMSU,* CIV 01-1284 LCS/JHG – ACE (Doc. 17, at 5, decision issued on 3/6/02 by Magistrate Judge Smith where he concluded that "I have no doubt that NMSU, the Board of Regents, and the individual Defendants in their official capacity are "arms of the state," entitled to Eleventh Amendment immunity").

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendant's motion for summary judgment *(Doc. 20)* is GRANTED;

2. Plaintiff's motion for summary judgment *(Doc. 24)* is DENIED; and

3. A Final Order dismissing this action with prejudice be entered concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding By Consent.